```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMAL QUINCE, [1]

                Plaintiff,
                                                            **MEMORANDUM AND ORDER**
       - against -                                           18-CV-1010 (RRM) (CPK)

RIKERS ISLAND CORRECTIONAL FACILITY
C-95 AMKC,

                Defendant.
-------------------------------------------------------------------X
```
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

Plaintiff Jamal Quince brings this civil rights action, complaining about guard brutality, inadequate medical care, and gastrointestinal injuries he suffered as a result of food poisoning at Rikers Island. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted for the purposes of this Order. For the reasons that follow, the complaint is dismissed with leave to replead within 30 days as set forth below.

## BACKGROUND

Quince used a civil rights complaint form in preparing his pleading in this action. Although he completed the entire form, some of the entries are internally inconsistent and others are conclusory. First, the caption of the complaint lists "Rikers Island Correctional Facility C95 AMKC" as the only defendant. However, the first paragraph of the pleading suggests that the defendant is an unspecified "AMKC Officer," while the second paragraph appears to allege that Quince is bringing a *Bivens* claim against unspecified federal officers.

Second, paragraph III of the complaint provides only a general description of what the defendant did or failed to do that gave rise to the violation of Quince's constitutional or statutory rights. It alleges that the acts or omissions occurred at the Anna M. Kross Center ("AMKC") on

---

[1] Although the caption indicates plaintiff's name as "Jamal Quince," the signature line indicates an alternate spelling of "Jamaal Quince."

Rikers Island sometime between April 10 and April 16, but does not specify a year. (Compl. (Doc. No. 1) at ¶ III.) Quince does not describe what happened to him or who did what, but provides only conclusory phrases, alleging "guard brutality," possibly involving "use of chemical agents," and asserting that he received "negligent" medical care constituting "medical malpractice." (*Id.*) He also alleges that he suffered "chronic rectal bleeding" and "a stomach infection due to ingesting food poison," but does not allege who, if anyone at the prison, was responsible for these injuries. (*Id.*) Quince seeks $9 million in actual and punitive damages for the brutality, medical negligence, and food poisoning. (*Id.* at ¶ V.)

## STANDARD OF REVIEW

Title 28 of the United States Code, Section 1915A, requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Thus, a court must read a *pro se* complaint with "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Although Quince's complaint appears to allege a *Bivens* claim, (Compl. at ¶ II.C), the fact that the alleged violations occurred at Rikers Island suggests that Quince is suing pursuant to 42 U.S.C. § 1983 ("Section 1983").  In order to maintain a Section 1983 action, Quince must allege two essential elements.  First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*  In order to bring a claim pursuant to Section 1983, a plaintiff must show that each of the named defendants is personally liable for the alleged harm.  *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).  A municipality can be liable under Section 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)).  Proof of a single incident of unconstitutional activity is not

sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker.  *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).

Defendant Rikers Island Correctional Facility is operated by the New York City Department of Correction ("NYC DOC"), which is, in turn, an agency of the City of New York. The New York City Charter provides that suits must be brought against the City of New York and not its individual agencies.  *See* N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).  Accordingly, Quince's claims against the Rikers Island Correctional Facility must be dismissed.  *See McNeil v. City of New York, NYPD*, No. 13-CV-4579, 2013 WL 4761142, at *2 (E.D.N.Y. Sept. 3, 2013) (holding that NYC DOC and other "agencies of the City of New York . . . lack independent legal existence and are not suable entities"); *Campbell v. New York City,* No. 12-CV-2179 (CBA), 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (dismissing claims against NYC DOC on the ground that it is a non-suable entity).  Quince cannot substitute the City of New York as a defendant, because he does not allege any unconstitutional policy or custom attributable to the City of New York.

The Court grants leave to amend the complaint, however, because a liberal reading of Quince's complaint "gives an[ ] indication that a valid claim might be stated."  *See Cuoco*, 222 F.3d at 112; *Gomez*, 171 F.3d at 795.  There is a possibility that Quince could name one or more AMKC Officers as defendants.  His claims of "guard brutality" and "use of chemical agents" suggest that he could bring a claim for excessive force under the Fourth and Fourteenth Amendments against one or more officers at AMKC.  To state an excessive force claim, Quince would need to identify the individual defendants responsible for the alleged Fourth and

4

Fourteenth Amendment violations. If Quince does not know the names of these individuals, he may identify each of them as John Doe Correctional Officer or Jane Doe Medical Officer or the like, and provide identifying information. Quince would also need to provide specific dates and locations for each incident, and describe what each individual did or failed to do in violation of his constitutional rights.

Claims of medical malpractice may give rise to a § 1983 claim, but only when there are allegations of "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106 (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment); *see Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment). A plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). He must also show that the prison official "knows that inmates [or detainees] face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

It is also conceivable that Quince's allegations regarding food poisoning could give rise to an Eighth or Fourteenth Amendment claim. "[T]he Eighth Amendment prohibition against cruel and unusual punishment … require[s] that prisoners be served 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir. 1980)). Accordingly, "allegations that a prisoner was served food contaminated or tainted by foreign objects" and was injured as a result might be sufficient to state an Eighth or Fourteenth Amendment claim. *See Ford v. Aramark*, No. 18-CV-2696 (NSR), 2020 WL 377882, at *6 (S.D.N.Y. Jan. 23, 2020);

5

*Crispin v. Westchester Cty.*, No. 18-CV-7561 (VB), 2019 WL 2419661, at *3 (S.D.N.Y. June 10, 2019).

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). Quince is granted 30 days to file an amended complaint as directed by this Order. The amended complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Order. If Quince fails to file an amended complaint within 30 days, the complaint shall be dismissed without prejudice, and judgment shall enter.

No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Clerk of Court is respectfully directed to mail a copy of this Order to Quince and to note that mailing on the docket sheet. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       May 19, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge